# EXHIBIT A

5/6/25, 3:50 PM
Case 1:25-cv-04348-JPO-RFT   Document 1-1   Filed 05/22/25   Page 2 of 37
0100312/2025, Deloach, Thomas B. vs Transunion, Llc; Equifax Information Services, Llc

Document: 0100312/2025, Deloach, Thomas B. vs Transunion, Llc; Equifax Information Services, Llc    Actions⌄   Search in same court

# 0100312/2025, Deloach, Thomas B. vs Transunion, Llc; Equifax Information Services, Llc

NY County Clerk Records - New York

New York

Update Now

This court is currently offline in CourtLink
This case was last updated on 04/23/2025

## ▼Header

**Case Number:** 0100312/2025
**Date Filed:** 03/13/2025
**Date Full Case Retrieved:** 04/23/2025
**Status:** Unknown
**Misc:** (111) Supreme Court General Index Reg. (general); Civil

## ▼Summary

**Calendar Number**: No
**Action**: Supreme Court General Index Reg. (general)
**Confidential**: No
**Damages Sought**: No

## ▼Participants

| Litigants | Attorneys |
|---|---|
| Deloach, Thomas B. | |
| **Plaintiff** | |
| Transunion, Llc; Equifax Information Services, Llc | |
| **Defendant** | |

## ▼Clerk Minutes

| Date | Type of Action | Description | Sufficient Service |
|---|---|---|---|
| 03/13/2025 | | REQUEST FOR JUDICIAL INTERVENTION - UNPROCESSED | |
| 03/13/2025 | | AFFIDAVIT/APPLICATION TO COMMENCE ACTION AS POOR P | |
| 03/13/2025 | Summons & Verified Compl. | SUMMONS & VERIFIED COMPLAINT WITH EXHIBITS | |
| 03/19/2025 | | ORDER FEE WAIVER - GRANTED | |



Document: 0100312/2025, Deloach, Thomas B. vs Transunion, Llc; Equifax Information Services, Llc

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

Order Runner Documents ⧉



About    Cookie Policy    RELX ™

Privacy Policy   Terms & Conditions   Copyright © 2025 LexisNexis.

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/22/2025
CT Log Number 548958066

## Service of Process Transmittal Summary

**TO:**       Tom Le
          Experian
          475 ANTON BLVD BLDG D
          COSTA MESA, CA 92626-7037

**RE:**       **Process Served in New York**

**FOR:**      Experian Information Solutions, Inc.  (Domestic State: OH)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | THOMAS B. DELOACH vs. TRANSUNION, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Exhibit(s) |
| **COURT/AGENCY:** | New York County Supreme Court, NY<br>Case # 1003122025 |
| **NATURE OF ACTION:** | Plaintiff brings this Complaint against Defendants for actual, statutory, and punitive damages, costs, and attorney's fees, for violations of the Fair Credit Reporting Act and FDCPA |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/22/2025 at 10:39 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (not counting the day of service) |
| **ATTORNEY(S)/SENDER(S):** | THOMAS B. DELOACH<br>340 W 42nd St<br>#243<br>New York, NY 10108<br>310-962-3207 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/23/2025, Expected Purge Date: 04/28/2025<br><br>Image SOP<br><br>Email Notification,  April Williams  april.williams@experian.com<br><br>Email Notification,  Francesca Di Iorio  francesca.diiorio@experian.com<br><br>Email Notification,  Tom Le  marina.velardi@experian.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
04/22/2025
CT Log Number 548958066

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Tue, Apr 22, 2025
**Server Name:**                    NY-NYC DROPOFFPROCESSSERVER

| Entity Served | EXPERIAN INFORMATION SOLUTIONS, INC. |
|---|---|
| Case Number | 1003122025 |
| Jurisdiction | NY |

| Inserts |
|---|
|  |



[Print in black ink all areas in bold letters. This summons must be served with a complaint.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------x

Thomas B. Deloact
[your name(s)]                              Plaintiff(s)

- against-  National Recovery Agency Inc

Equifax Information Services, LLC
Transunion LLC (Experian Information Solutions, Inc)
[name(s) of party being sued].          Defendant(s)

-----------------------------------------------------x

**SUMMONS**

**Index Number**

100312/2025

**Date Index Number Purchased**

_____, 20___

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: __March 12__ 20 _25_
        [date of summons]

Transunion, LLC

National Recovery Agency, Inc

Equifax Information Services LLC
[name and address of defendant(s)]

_Thomas B Del_
[sign your name]

_Thomas B Deloact_
[print your name]

(310) 962-3207
[your address and telephone number]

340 W 42nd St # 243
New York, NY 10108

Experian Information Solutions, Inc
[name and address of defendant(s)]

Venue:   Plaintiff(s) designate(s) New York County as the place of trial  The basis of this designation is:
☐ Plaintiff(s) residence in New York County
☐ Defendant(s) residence in New York County
☐ Other [See CPLR Article 5]: _____

**FILED**

MAR 13 2025

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

Index No.: [To Be Assigned]

**# 100312 / 2025**

THOMAS B. DELOACH,
Plaintiff,

-against-

TRANSUNION, LLC;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
NATIONAL RECOVERY AGENCY, INC.,
Defendants.

**FILED**

MAR 13 2025

COUNTY CLERK'S OFFICE
NEW YORK

## VERIFIED COMPLAINT

### INTRODUCTION

1. Plaintiff, **Thomas B. DeLoach**, brings this action against Defendants TransUnion, LLC, **Equifax Information Services, LLC, Experian Information Solutions, Inc., and** *National Recovery Agency, Inc.* for violations of the **Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and New York General Business Law**. . Plaintiff also asserts claims for negligence, fraudulent misrepresentation, tortious interference with prospective economic advantage, and defamation against Defendant.

2. Defendants have failed to **properly investigate and correct inaccurate credit reporting information**, which has caused severe damage to Plaintiff's **financial standing, creditworthiness, and economic opportunities.**

3. This action seeks **monetary damages, statutory relief, and corrective actions** to remedy the harm caused by Defendants' willful and negligent violations of federal and state consumer protection laws.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the **Fair Credit Reporting Act (15 U.S.C. § 1681p), the Fair Debt Collection Practices Act (15 U.S.C. § 1692k), and New York General Business Law §§ 349 and 380.**

5. Venue is proper in this Court as the Plaintiff resides in **New York County, New York**, and Defendants **conduct business within the State of New York** and are subject to the jurisdiction of this Court.

---

## PARTIES

6. **Plaintiff, Thomas B. DeLoach,** is a **consumer as defined by the FCRA and FDCPA**, residing in New York, New York.

7. **Defendant TransUnion, LLC** is a **consumer reporting agency** engaged in assembling, evaluating, and maintaining consumer credit information for commercial purposes.

8. **Defendant Equifax Information Services, LLC** is a **consumer reporting agency** responsible for collecting, maintaining, and reporting consumer credit information.

9. **Defendant Experian Information Solutions, Inc.** is a **consumer reporting agency** engaged in the collection and dissemination of credit reporting information for financial institutions and lenders.

10. **Defendant National Recovery Agency, Inc. (NRA)** is a **debt collection agency** that reports collection accounts to credit reporting agencies and engages in the enforcement of alleged consumer debts.

---

## FACTUAL ALLEGATIONS

11. As of August 2024, with debt on credit report Plaintiff credit score ranged between 695 and 718 with Equifax, Experian, and Transunion before Defendants wrongfully reported a duplicate and misrepresented debt.

12. All credit reporting models indicate with worst case scenario, if credit usage was 95%, it is less than 80%, if 95% with fraudulent debt removed credit should be between 650 to 685 depending on the credit bureau. Fraudulent debt has been removed and there are absolute no missed payments, nothing negative on report, credit bureaus are reporting with perfect exceptional payments and no dings on my credit that with the fraudulent debt removed my credit score is averaging 550 at all 3 credit bureaus.

13. In July 2024, Defendants failed to identify and prevent the duplication of an already existing debt, which resulted in credit bureaus reporting the same debt twice Plaintiff's credit score overnight.

14. In December 2024, Plaintiff disputed the inaccuracies with Defendants, who temporarily removed the false entry for 2-3 days before reinstating it as a newly opened collection account.

15. Despite receiving clear evidence that the disputed accounts were incorrect, the credit reporting agencies failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a).

16. National Recovery Agency (NRA) inaccurately reported a collection account that was already reflected on Plaintiff's credit reports, causing further credit harm.

17. NRA failed to validate the alleged debt before reporting it to the credit bureaus, in direct violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692g).

18. NRA failed to provide the information requested in a certified letter. See exhibits.

19. As a result of the Defendants' failure to correct errors, failure to conduct reasonable investigations, and unlawful collection practices, Plaintiff has suffered significant financial and emotional distress.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) (Against TransUnion, Equifax, and Experian)

17. Plaintiff reasserts and incorporates all preceding paragraphs as if fully set forth herein.

18. Defendants failed to maintain and report accurate consumer credit information, in violation of 15 U.S.C. § 1681e(b).

19. Defendants failed to conduct a reasonable reinvestigation into Plaintiff's credit disputes as required under 15 U.S.C. § 1681i(a).

20. Defendants' negligent and willful noncompliance with the FCRA caused substantial financial harm to Plaintiff, entitling him to actual, statutory, and punitive damages under 15 U.S.C. § 1681n and § 1681o.

21. Defendants' actions were negligent and willful noncompliance with FCRA. It is basic consumer knowledge that an account that is less than 30 days old cannot go into collection. The debt was already on my credit report. Blatant and willful neglect that exclusively prevented Plaintiff from acquiring funds financial institutions were standing by to grant Plaintiff.

22. The Plaintiff has had to request two extensions to pay tuition for college and will have to drop out soon, a direct result of the Defendants' actions. First ever late rent payment has no funds for food or basic necessities, while no payments missed or late yet, if no immediate relief there is potential for actual late payments.

## COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (Against NRA)

21. Plaintiff reasserts and incorporates all preceding paragraphs as if fully set forth herein.

22. Defendant National Recovery Agency attempted to collect an alleged debt from Plaintiff without providing validation of the debt, in violation of 15 U.S.C. § 1692g.

23. NRA furnished inaccurate collection information to the credit reporting agencies, in further violation of 15 U.S.C. § 1692e and § 1692f, which prohibit deceptive and unfair collection practices.

24. Plaintiff suffered economic harm, stress, and reputational damage as a direct result of NRA's false reporting and improper collection actions.

25. Plaintiff is entitled to actual, statutory, and punitive damages under 15 U.S.C. § 1692k.

## COUNT III – VIOLATION OF NEW YORK GENERAL BUSINESS LAW §§ 349 & 380 (Against All Defendants)

26. Plaintiff reasserts and incorporates all preceding paragraphs as if fully set forth herein.

27. Defendants engaged in deceptive business practices by refusing to correct disputed information, failing to conduct a proper investigation, and misrepresenting consumer rights.

## COUNT IV - NEGLIGENCE

28. Defendant's failure to prevent duplicate entries and reinvestigate disputes caused direct financial harm to Plaintiff.

29. These acts constitute violations of New York General Business Law (GBL) § 349 and § 380, which prohibit unfair and deceptive trade practices in consumer transactions

## COUNT V – DEFAMATION

30. Defendants recklessly published false credit information to third parties, including lenders.

31. Plaintiff has suffered financial harm and reputational damage due to Defendants' wrongful conduct.

## COUNT VI – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

32. Defendants' wrongful actions prevented Plaintiff from obtaining necessary funding, interfering with his financial stability, causing significant harm to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and award the following relief:

Equifax:

- **Compensatory damages of $250,000.**

- **Punitive damages $500,000 for willful noncompliance and to deter future misconduct.**

Experian:

- **Compensatory damages of $250,000.**

- **Punitive damages $500,000 for willful noncompliance and to deter future misconduct.**

Transunion:

- **Compensatory damages of $250,000.**

- **Punitive damages $500,000 for willful noncompliance and to deter future misconduct.**

National Recovery Agency (NRA):

- **Compensatory damages of $500,000.**

- **Punitive damages $1,500,000 for willful noncompliance and to deter future misconduct.**

**In addition:**

- **An order directing Defendants to correct Plaintiff's credit reports immediately.**

- **Any further relief that the Court deems just and proper.**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**AFFIRMATION**

**STATE OF NEW YORK**
**COUNTY OF NEW YORK**

I, **Thomas B. DeLoach**, affirm under penalty of perjury that the statements and claims made in this Writ for Damages are true and accurate to the best of my knowledge. The damages sought reflect the actual financial and emotional harm suffered, and the relief requested is reasonable and justified based on the Defendants' willful and negligent actions.

**Dated:** March 13, 2025

**Respectfully Submitted,**

**Sign:** _____

**THOMAS B. DELOACH**
Plaintiff, Pro Se
340 W 42nd St #243
New York, NY 10108
Email: tbd235@gmail.com
Phone: (310) 962-3207

**Exhibit 1**: AI simulation estimating impact to credit with and without fraudulent account. For comparison starting credit scores Transunion 718, Experian 704, Equifax 695 current credit scores: Transunion: 553, Experian: 614; Equifax: 564

Please note: Plaintiff did not go up to 95% utilization. 95% used to give worst case scenario. Hypothesis being that it would be better or equal to experience. The results of the simulation is actually better than the hit to Plaintiff's credit. In the simulation below AI provides an estimation the top portion of scenario simulates what would happen if credit usage went up with no fraudulent debt on credit report. The bottom is a scenario with the fraudulent account on credit report a second time as new debt newly in collections.

**My query:**

Starting credit score 718 Calculate probability from the three most likely scenarios. No late payments, no derogatory marks on credit at all. However, credit utilization goes from 17% to 95%. Draft 3 most probable impacts to credit with estimated credit score for each scenario. Separately draft how including all the above and a new credit account for $9,300 is put on credit report as opened in December of 2024, with zero paid on debt, and gone into collections January of 2025. Describe the top 3 mostly probable impacts to credit with estimated credit score.

---

**AI Reasoning:**

Assessing credit score changes

**Analyzing credit changes**

Noticing the impact of a credit utilization surge from 17% to 95%, estimating a potential 50 to 100 point drop, though results may vary. Ensuring clarity on our disclaimer and proposed ranges.

**Breaking down scenarios**

Given no new cards, high short-term credit utilization may reduce the credit score to 630-650. Other possibilities include a partial paydown to 70% or 80% utilization.

**Clarifying scenarios**

I'm re-evaluating the request to ensure I address three distinct scenarios, each detailing probable impacts on credit scores, considering factors like credit utilization, debt-to-income ratio, and lenders' perceptions.

**Laying out the options**

I'm considering three scenarios: brief, several months, or a year with 95% credit utilization, assessing short-term impact, minimal additional debt, and partial paydown effects on the credit score.

**Considering a new credit account**

I'm noting the impact of adding a $9,300 credit account in December 2024, which, by January 2025, is likely to go into collections, and its effects on the credit score.

**Assessing credit impact**

Evaluating three scenarios with 95% credit utilization. Quick paydown has a minor effect, staying high has a moderate hit, and multiple account openings lead to a significant drop.

**Assessing credit impacts**

OK, let me see: rapid paydown leads to minor drops, prolonged high usage causes significant drops, and multiple account openings result in substantial decreases.

Below is a general illustrative example of how credit scores might move under different scenarios. Actual outcomes will vary by individual profile, credit history length, scoring model (e.g., FICO, VantageScore), and the timing of when updates post to the credit bureaus. Use these estimates only as broad guidelines.

---

**Part 1: Going from 17% to 95% Utilization (No Late Payments, No Derogatory Marks)**

**Starting credit score: 718**

When revolving credit utilization spikes from 17% up to 95%, the largest impact is typically on the "Amounts Owed" portion of your score, which can account for around 30% of a FICO score. Below are three illustrative scenarios:

**Scenario 1**
- **Situation:** Utilization quickly jumps to ~95% in a single month's billing cycle but is paid back down within the following 1–2 months.
- **Likely Impact**
  - **Immediate Score Drop:** Approx. 30–60 points (down to around 660–690).
  - **Rationale:** High utilization can cause a sharp but potentially temporary dip, especially if you pay it back down fast. Once the balances are reported lower again, the score can rebound relatively quickly.
  - **Timeline:** If utilization drops back below ~30% within one or two billing cycles, scores can recover most of the loss in 2–3 reporting cycles.

**Scenario 2**
- **Situation:** Utilization rises to ~95% and stays high for several months. No new negatives (like late payments), but the high balance remains on credit cards.
- **Likely Impact**
  - **Score Drop:** Approx. 60–80 points (down to around 640–660).
  - **Rationale:** Continuous high usage signals higher risk to lenders. Even without missed payments, persistently high utilization suppresses your score over time.

      o  **Timeline:** The longer the high utilization persists, the longer your score remains subdued.

## Scenario 3

- **Situation:** Utilization nears 95%, and you have a relatively short credit history or a small number of total revolving accounts—meaning the high utilization has an outsized effect.
- **Likely Impact**
  - o  **Score Drop:** Approx. 70–100 points (down to around **620–650**).
  - o  **Rationale:** If your credit file is more "thin" (fewer total accounts, shorter history), a near-maxed-out balance can have a pronounced negative effect, as there's less positive history to offset the spike.
  - o  **Timeline:** Improvement hinges on lowering balances. The effect can linger if overall credit limits are relatively low compared to the owed amount.

**Key Takeaway:** The biggest driver here is the length of time you carry the high balance. A short spike is often less damaging than persistent high utilization. Once you pay balances down and the lower balances are reported to the credit bureaus, your score can rebound.

### Part 2: Adding a New $9,300 Account, Then Going to Collections

Now let's layer in an additional hypothetical situation. Assume all of the above conditions apply (utilization was at 95%, no late payments or derogatory marks **prior** to this event), **plus:**

1. A new credit account for **$9,300** is opened in **December 2024.**
2. No payments are made; the account quickly becomes **delinquent.**
3. The debt goes to **collections in January 2025.**

This adds **major negative** events:

- A newly opened account increases your total available credit (initially might help utilization) but also adds a **new credit inquiry** and shortens your average age of accounts.
- Missing payments on that new account leads to **major delinquencies** appearing quickly.
- Once the account **goes to collections**, it is considered a serious derogatory mark.

### Top 3 Likely Impacts & Estimated Scores

1. **New Derogatory Mark (Collections)**
   - o  **Impact:** Collections are among the most damaging items on a credit report. Once a collection is reported, it can easily drop a score by **70–120+ points**, depending on the rest of the profile.
   - o  **Score Range After Collections:** From a 718 starting point (even before factoring in the high utilization), a major derogatory can bring the score down into the 580–620 range—or potentially even lower if other high balances exist.

2. **Payment History Damage**
   - o  **Impact:** Payment history is the single largest factor (roughly 35% of a FICO score). A brand-new account that quickly goes 30, 60, or 90+ days late and then to collections signals a significant risk.
   - o  **Score Range Influence:** This late-payment progression en route to collections can cause additional hits on top of the initial high utilization dip.

3. **Utilization & Overall Debt Load**
   - o  **Impact:** Initially, opening a $9,300 line of credit might slightly reduce utilization if that line was unused, but no payments + eventual collections overshadow any small benefit from a new credit limit. Furthermore, all previous balances + this defaulted account means overall debt is seen as very high.
   - o  **Score Range Influence:** Combined with the derogatory effect, the total score could end up in the 570–610 range, depending on how other accounts stand.

### Putting It All Together

- **Worst-Case:** If the collection hits right after a spike to 95% utilization on existing lines, you could see a drop from 718 down toward the high 500s (or even mid-500s).
- **Long-Term Outlook:** A collection account can remain on your credit report for up to 7 years (though its impact diminishes over time). Paying or settling the collection might help somewhat but won't fully erase the derogatory mark until it ages off.

### Important Disclaimers

1. **Actual Scoring Variation:** Different credit scoring models (FICO 8, FICO 10, VantageScore 4.0, etc.) treat utilization, new accounts, and collections with slightly different weight.
2. **Timeline:** Creditors typically report to the bureaus monthly, so changes can take 30–45 days (or more) to appear.
3. **Individual Profile Differences:** Someone with a long, positive credit history will typically see less of a drop than someone with a thin or moderate history when the same negative events occur.

### Final Thoughts

- **Short-term high utilization** can cause a noticeable but potentially reversible score drop once balances are paid down.
- **Going into collections** is a serious derogatory event, often causing the largest and longest-lasting score damage. Avoiding any account going to collections is crucial if you want to preserve or rebuild a strong credit score.

**Exhibit 2**: All credit bureaus report as if they've taken action but my actual credit is calculated as if the debt was real.



**Exhibit 3**: Experian, significant drop with no change, suggests correction and temporary change (increase) to credit score was never real or realized. Removed account initially on credit and the fraudulent second but credit rating is as if fraudulent debt is still on report.




**Exhibit 4**: Equifax 52 point drop in credit after finally removing fraudulent debt with nothing derogatory on credit. No changes other than removal of fraudulent debt. No mentions benefits of perfect payment history like other bureaus.



**Exhibit 5:** Experian several days before fraudulent debt removed. When removed score temporarily went up "supposedly but as you can see above with no changes 36 point drop in score. Credit score still as if the debt Plainyiff was charged for twice was actually real.



**experian.**

Prepared For

**THOMAS DELOACH**

Personal & confidential

Date generated: Jan 19, 2025

## At a glance

### FICO® Score 8

**616** FICO
Experian data Jan 19, 2025

300 ———————————————————— 850

| Account summary | | Overall credit usage | Debt summary | |
|---|---|---|---|---|
| Open accounts | 20 | **63 %** | Credit card and credit line debt | $17,261 |
| Self-reported accounts | 0 | | Self-reported account balance | $0 |
| Accounts over late | 2 | | Loan debt | $116,542 |
| Closed accounts | 0 | ■ Credit used $17,261 | Collections debt | $9,435 |
| Collections | 1 | Credit limit $27,250 | Total debt | $143,238 |
| Average account age | 3 yrs 1 mo | | | |
| Oldest account | 15 yrs 4 mos | | | |

**Exhibit 5** continued: With fradulent debt 616, three days later after signing for and receiving my letter debt removed credit score shoots back up to 651, no change 2/14/2025 drop 36 pts



experian

Prepared For: THOMAS DELOACH    Date generated: Jan 19, 2025

## Collection accounts

| **NATIONAL RECOVERY AGEN** | | | | $9,435 |
| Original creditor: UNITED HOLDING GROUP | | | | |

**Account info**

| Account name | NATIONAL RECOVERY AGEN | Balance | $9,435 |
| Account number | 524543XX | Balance updated | Jan 04, 2025 |
| Original creditor | UNITED HOLDING GROUP | Original balance | $9,435 |
| Company sold | - | Monthly payment | - |
| Account type | Collection | Past due amount | $9,435 |
| Date opened | Aug 16, 2024 | Terms | 1 Month |
| Status | Collection account. $9,435 past due as of Jan 2025. | Responsibility | Individual |
| | | Your statement | |
| Status updated | Aug 2024 | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | C | . | . | . | . | . | . | . | . | . | . | . |
| 2024 | . | . | . | . | . | . | . | . | . | . | . | C |

**Contact info**

| Address | 2491 PAXTON ST HARRISBURG, PA 17111 |
| Phone number | (800) 773-4503 |

**Comments**

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

**Exhibit 6:** Certified Letters requiring signature for receipt to Credit Bureaus and NRA. No response from NRA, Experian responded with removal and letter. Exquifax took no action and responded with letter stating needed greater details to verify Plaintiff's identity even though the address, name, creditors was identification enough for verification.

**Thomas B. DeLoach.**                                          340 W 42nd Street #243
1/13/2025                                                       New York, NY 10108

Experian/
PO BOX 949
Allen, TX 75013

**Re: Dispute of Inaccurate Credit Reporting**
**Account Number:** 524543XX

To Whom It May Concern,

I am writing to formally dispute the accuracy of the information being reported by **National Recovery Agency** for the above-referenced account. The data being reported is false and misleading, in violation of the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681 et seq.

Specifically, the following inaccuracies must be addressed immediately:

1. **Date Opened:** The account is falsely reported as being opened on **August 16, 2024,** when the original loan was opened in 2017 and defaulted in 2018. Re-aging this debt is illegal.

2. **Balance and Status:** The account is falsely reported with a past-due balance of **$9,435** and no payments made, despite the debt's prior resolution in California court.

3. **Inaccurate Reporting Period:** The account should no longer appear on my credit report, as it exceeds the 7-year reporting window from the original delinquency date (2018).

4. **Status Updated:** The "collection" status update of **August 2024** is inaccurate and misleading, as this is not the original date of default.

These inaccuracies are causing harm to my creditworthiness and misrepresent my financial history. I demand that the following actions be taken:

1. Conduct an immediate investigation into this account and provide proof of the original delinquency date, payment history, and account ownership.

2. Remove or correct the false information to accurately reflect the original loan terms and timeline.

I demand resolution within **15 days of receiving this letter,** as allowed by law in cases of clear inaccuracies and harm. Failure to comply will result in immediate legal action, including claims for damages under FCRA § 1681n for willful noncompliance or § 1681o for negligent noncompliance.

Once legal proceedings are initiated, settlement outside of court will no longer be an option. Send confirmation of your findings and actions taken to my address above.

Sincerely,
**Thomas B. DeLoach**


**Equifax**
PO BOX 740241

Atlanta, GA 30374]

**Re: Dispute of Inaccurate Credit Reporting**
**Account Number:** 524543XX

To Whom It May Concern,

I am writing to formally dispute the accuracy of the information being reported by **National Recovery Agency** for the above-referenced account. The data being reported is false and misleading, in violation of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.**

Specifically, the following inaccuracies must be addressed immediately:

5. **Date Opened:** The account is falsely reported as being opened on **August 16, 2024,** when the original loan was opened in 2017 and defaulted in 2018. Re-aging this debt is illegal.

6. **Balance and Status:** The account is falsely reported with a past-due balance of **$9,435** and no payments made, despite the debt's prior resolution in California court.

7. **Inaccurate Reporting Period:** The account should no longer appear on my credit report, as it exceeds the 7-year reporting window from the original delinquency date (2018).

8. **Status Updated:** The "collection" status update of **August 2024** is inaccurate and misleading, as this is not the original date of default.

These inaccuracies are causing harm to my creditworthiness and misrepresent my financial history. I demand that the following actions be taken:

3. Conduct an immediate investigation into this account and provide proof of the original delinquency date, payment history, and account ownership.

4. Remove or correct the false information to accurately reflect the original loan terms and timeline.

I demand resolution within **15 days of receiving this letter,** as allowed by law in cases of clear inaccuracies and harm. Failure to comply will result in immediate legal action, including claims for damages under FCRA § 1681n for willful noncompliance or § 1681o for negligent noncompliance.

Once legal proceedings are initiated, settlement outside of court will no longer be an option. Send confirmation of your findings and actions taken to my address above.

Sincerely,
**Thomas B. DeLoach**

Thomas B. DeLoach.
1 15 2025

340 W 42nd Street #243
New York, NY 10108

National Recovery Agency
NRA Group
PO Box 67015
Harrisburg, PA 17106

Re: Cease and Desist Demand for Collection of Alleged Debt
Account Number: 524543XX

To Whom It May Concern.

This letter serves as a **formal demand** that you cease all collection activities, communications, and reporting concerning the above-referenced alleged debt. This demand is made pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692c(c).

I dispute the validity of this debt and your right to collect it for the following reasons

1. **Incorrect Information:** The debt is falsely reported as being opened on **August 16, 2024,** despite originating in 2017 and defaulting in 2018. This constitutes re-aging of the debt, which is prohibited under the FDCPA and Fair Credit Reporting Act (FCRA).
2. **Potential Statute of Limitations Violation.** As this debt is well beyond the statute of limitations for collection in New York, your continued attempts to collect are both unlawful and predatory
3. **Unverified Debt:** I have not received sufficient validation or proof that the debt is valid or that your company has the legal authority to collect on it.

Given the inaccuracies and questionable practices surrounding this alleged debt, I hereby demand that you:

1. Immediately cease all communication with me regarding this debt, including phone calls, letters, emails, and other forms of contact.
2. Stop reporting this alleged debt to any credit reporting agencies, as it violates the FCRA and is causing irreparable harm to my creditworthiness.
3. Provide written confirmation that you will comply with this demand

Take notice: Should you fail to comply with this demand, I will not hesitate to take the following actions:

- File complaints with the **Consumer Financial Protection Bureau (CFPB),** the **Federal Trade Commission (FTC),** and the **New York Attorney General's Office.**
- Pursue legal action for violations of the FDCPA, FCRA, and any applicable state laws

You are also advised that any further communication or collection efforts by your company will result in legal proceedings. Once such proceedings commence, no out-of-court resolution will be entertained

Thomas B. DeLoach.
1 15 2025

340 W 42nd Street #243
New York, NY 10108

Please confirm in writing within **10 days** that you have complied with this cease and desist demand. Failure to respond will further substantiate my claims of your willful noncompliance and misconduct

Sincerely
Thomas B. DeLoach
(110) 962-3207
thl235 a gmail com

**Exhibit 7 continued:**

 **Closed**

**STATUS**

The complaint was closed on 2/2/2025

*The CFPB will not be taking additional action on your complaint. This complaint is now closed.*

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

An official website of the United States Government

**Exhibit 7:** Per Date/ time stamps on documents, CFPB complaint closed immediately with no action. Afterwards, Experian/Equifax scores significantly declined out change to report.



Start a new complaint
(https://www.consumerfinance.gov/)

❮ All complaints (.)

## 250203-18514782

**CLOSED**

✓ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 2/2/2025 | Credit reporting or other personal consumer reports | Incorrect information on your report |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

**Exhibit 7** continued:

I paid on debt until my business went under, the reporting agencies state I never paid on the loan. Debt was opened in 2017 or 2018, when debt reappeared recently it was reported opened July 2024 and going into collection August. I then reported it to credit bureaus and they. Everyone including credit agencies knows it's impossible for a loan that isn't over 30 days old to go into collection. Every one knowing this can't be true, the fact that this took place in tangent with every part of my life coming under attack including loosing everything I owned after a burglary and insurance deny claim, and lastly all of the credit bureaus refuse to remove debt from my credit report until the utilization on my cards was too much to access the funds lenders were standing by to process and that I desperately need is why I believe this to be an intentional attack. The original loan was for $6K, the credit bureaus has over $9K. That's 4 major discrepancies, date loan opened, amount of initial loan, amount paid, and when loan went into collection, not to mention other important facts NY changed law from 6 to 3 years. I was under the understanding California litigation resolved this debt, and I'm almost certain this debt is past it's 7 yr statutory reporting date. In addition, the credit bureaus charged me for twice, this original loan was already on my credit report, it's called Net Credit for around $6K. They charged me twice for the same debt, report as if happened today, at the time when I most need access to funds in my life, dropping my credit score more than 150 points overnight. As hard as I worked to recover and make things right, all the sacrifices. When I recovered financially, I called everyone one of my lenders, they didn't call me, I called all of them and made arrangements and paid everyone of them back. I did the right thing with every creditor that I knew of. Why am I being punished. Transunion say they removed and my credit is back up to 659, no where near the 718 it was but improvement from the just over mid 500s it dropped to but a lender as recent as early last week said my Transunion score on their side was still 585. Equifax still refuses to removed despite online and certified mail request. Their response to certified mail was that they needed more information to verify my account, yet mailed their return letter to the address confirming my account. Experian did not remove from my credit report until I my card limits reached levels where lender could no longer service loan. Once I recovered, I began communicating with lender to resume payments, which I did, then the loan, along with other high interest loans was involved in a huge litigation the state of California brought

**Exhibit 7** continued:

against the lenders. I received paperwork about litigation and payments were paused and I never heard back from the lender. Then this happened. The financial devastation this has caused is beyond words. This is an unwarranted unprecedented attack purposefully blocking my access to funds. Even before this I really feel like there really needs to be a serious third party investigation into the credit reporting agencies. It just doesn't make sense how they assess scores. Before this I rarely carried a balance on my cards, I always paid my debts early and occasionally on time, I was never late on anything, and I paid of an almost $30K car loan in just 3 and a half years. How is it my credit score was still barely over 700? I know since then I applied for a bunch of credit and that hurts for like two years but what about before. Something is off. The credit bureaus actions prevented me from accessing two loans, one for $20K and one for $18K. I will get through this financial hard time and I will be holding all the credit bureaus accountable. Each will pay punitive damages commensurate to their actions against me. The credit bureaus reporting has real life major impact on the lives of people. I had to pay off and sale my previous vehicle. I loved my Mercedes, that car still drove and looked as brand new as the day it came off the assembly line. Perfect, fun car to drive, with all the features, style, and comfort but I had to sale it because it costs over $1,400 to insure the vehicle in NY and the insurance companies said it was because of my credit score. I work extremely hard to improve my score only to have them take all my gains away from me overnight for a debt they know, it was already on my credit report, they know the debt is false, yet without provocation they take all my gains from me and block me from accessing the funds I need. I've attached one of the statements showing the impacts this attack has had on my financial wellbeing. All the statements state the same, not the too many inquiries excuse one of credit bureaus tried to deflect blame on.

**ATTACHMENTS**

IMG_1390.jpeg (3.3 MB)        IMG_1391.jpeg (1.9 MB)

View full complaint ⊕

100312/2025 SUMMONS & VERIFIED COMPLAINT WITH EXHIBITS

**Exhibit 7** continued: Numbers at bottom, blank page to ensure all 5 pages included.

**EQUIFAX**

CREDIT FILE : December 26, 2024

Confirmation # 4358592249

Dear THOMAS B DELOACH:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

* We request that the reporting company verify the accuracy of the information you disputed,

* We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

* We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

00000001-DISC
THOMAS B DELOACH
424 W 47TH ST APT 4F
NEW YORK, NY 10036-2303

P O Box 105518
Atlanta, GA 30348

**Exhibit 8 continued:**

1201112015 SUMMONS & VERIFIED COMPLAINT WITH EXHIBITS

12/31/2025 SUMMONS & VERIFIED COMPLAINT WITH EXHIBITS

**Exhibit 8 continued:**

What should I do if I do not agree with the results of the investigation?

You have a few options:

- You may add a statement of up to 100 words to your credit report. If you provide a consumer statement that contains medical information related to

(End of Report)
000006371-DISC

Page 1 of 52

4358592249-EMB-0e400175000002da-12262024

services provided or medical procedures, then you expressly consent to including this information in every credit report we issue about you.
- You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.
- You may provide us additional information or documents (such as an identity theft report or a letter from the reporting company) about your dispute to help us resolve it by visiting our website https://equifax.com/personal/disputes. You may also mail your documents to P.O. Box 740256, Atlanta, GA 30374-0256 or contact us by calling us at (888) EQUIFAX, (888) 378-4329.
- You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.

**What else should I know?**

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at equifax.com/personal/help/

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

**How should I read my dispute results?**

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "Deleted", we have removed it from your credit report and taken steps so it does not reappear.
- If an item states "Verified as Reported", the reporting company has certified it is reporting accurately.
- If an item states "Updated", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: The information you disputed has been updated.

Updated disputed account information. Additional account information was also updated: The information you disputed has been updated as well as other information on this item.

Disputed information accurate. Updated account information unrelated to the dispute: The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated.

Consumer's dispute not specific. Consumer information verified. Account information updated: Information on your report has been updated.

*The Results Of Our Reinvestigation*

*Collection Agency Information*    (This section includes accounts that have been placed for collection with a collection agency.)

>>> *We have researched the collection account. Account # - '4337* The results are: WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: 'ADDITIONAL INFORMATION 'BALANCE DATE 'STATUS DATE. If you have additional questions about this item please contact.   *NATIONAL R. 2491 Paxton St, Harrisburg, PA 17111-1036 Phone: (800) 773-4503*

10031 1/2025 SUMMONS & VERIFIED COMPLAINT WITH EXHIBITS

Exhibit 8 continued:

**The Results Of Our Reinvestigation**

**Collection Agency Information**    (This section includes accounts that have been placed for collection with a collection agency.)

>>>  We have researched the collection account, Account # - *4387 The results are: WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED. *ADDITIONAL INFORMATION *BALANCE DATE *STATUS DATE   If you have additional questions about this item please contact:  NATIONAL R, 2491 Paxton St, Harrisburg, PA 17111-1036 Phone: (900) 773-4503

**NATIONAL RECOVERY**  2491 Paxton St Harrisburg PA 171111036 : (900) 773-4503

| Account Number | | Date Reported | Date Assigned | Creditor Class | | Cred Name | | Original Amount |
|---|---|---|---|---|---|---|---|---|
| *4387 | | 12/26/2024 | 05/16/2024 | Financial | | NATIONAL RECOVERY | | $9,435 |
| Status Date | Status | Date of 1st Delinquency | Balance Date | Score & Amount | | Last Payment Date | Where Account | |

(End of Report)
000008371-DISC

Page 3 of 52

4358592249-EMB-0e400173000002da-12262024

| 12/26/2024 | Unpaid | 05/21/2018 | 12/26/2024 | $9,435 | | Individual Account |
|---|---|---|---|---|---|---|

ADDITIONAL INFORMATION:
Consumer Disputes This Account
Collective Account

**EQUIFAX**

CREDIT FILE : December 26, 2024

Confirmation # 4358592249

Dear THOMAS B DELOACH:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete.  Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so.  Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

- We request that the reporting company verify the accuracy of the information you disputed;

- We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

- We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

00006371-DISC
THOMAS B DELOACH
424 W 47TH ST APT 14F
NEW YORK, NY 10036-2303

P.O. Box 105518
Atlanta, GA 30348

**Exhibit 8 continued:**

**Exhibit 8**: Equifax Dispute: Opened 12/23/2024 Closed 12/26/2024



1:12

**my**Equifax

**Dispute status**

All disputes (2)

Confirmation number: **4358592249**



| Submitted 12/23/2024 | Under investigation | Completed 12/26/2024 |
|---|---|---|

Dispute results remain online for approximately 2 years from the completion date. Download now for your records.

**Download dispute results**



my.equifax.com

**Exhibit 9**: Kikoff USA credit report external monitoring service account I've used to monitor my credit for many years. Kikoff like traditional lenders pulls information from credit reports. For the month of February it appears potentially to justify credit plummeting an additional 62 points after fraudulent debt was removed Equifax according to Kikoff reported actual balances as increases from January to February. USAA increased by: $0 decreased by $69; Capital One increase by: $0, balance decreased by $34.78. Apple increased by: $18.59. This is not justification of an additional 52 pt decrease in credit, no change to report from previous month. Experian is also reporting false increases for this month. This is a blatant attempt to ensure the damage from the fraudulent debtremains. Forcing Plaintiff like so many other minorities to continue paying excessive interest and fees.





## Exhibit 9 continued: USAA





**Exhibit 9** continued: Capital 1: Credit increased. Plaintiff spent $150.02, paid $150, and due to extremely late shipment Amazon refunded $34.80. Apple credit increased by $18.59.




**Exhibit 10**: Review of credit report. Nothing negative.

