UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS B. DELOACH,

                Plaintiff,

  -against-

TRANSUNION, LLC, et al.,

                Defendants.

25-CV-4348 (JPO) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    Plaintiff, who is litigating this case without a lawyer (pro se), originally filed suit against Defendants in New York State court, alleging violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, violation of New York General Business Law §§ 349, 380, negligence, fraudulent misrepresentation, tortious interference with prospective economic advantage, and defamation; the case was removed to this Court on May 22, 2025. (ECF 1, Notice of Removal; ECF 1-1, State Court Record at 8.) All Defendants except National Recovery Agency, Inc. ("NRA") have appeared. Plaintiff effected service on NRA through the Secretary of State of New York. (*See* ECF 27, Certificate of Serv.)

    NRA did not timely appear or respond to the Complaint. On August 29, 2025, Plaintiff filed a proposed certificate of default as to NRA (ECF 40), and the Clerk of Court issued a certificate of default as to NRA on September 2, 2025 (ECF 46). This matter was referred to me for general pretrial supervision on August 28, 2025. (ECF 36.) On September 8, 2025, I ordered Plaintiff to provide NRA with the Complaint, among other documents, by mail at its business address by September 12, 2025 (ECF 53, Order ¶ 6), and Plaintiff complied with that order. (ECF 57, Certificate of Serv. at 3.) NRA did not appear or respond to the Complaint.

At a telephonic status conference on October 17, 2025, Plaintiff asked about a schedule for seeking a default judgment against NRA; I responded that I was not convinced that NRA had received actual notice of the suit, because in my experience, it can take many months for the New York Secretary of State to provide copies of process to companies that have been sued. I issued an order following the conference, further extending the time for NRA to respond to the Complaint until November 10, 2025, requiring Plaintiff to provide NRA with a copy of my order by mail at NRA's business address and by email, admonishing NRA that failure to respond to the Complaint could lead to an order directing Plaintiff to seek a default judgment. (ECF 69, Order ¶ 2.) Plaintiff complied with that order. (ECF 71.) Plaintiff also filed a motion to clarify and establish a schedule for seeking a default judgment. (ECF 70.)

Plaintiff argues he has been prejudiced by my requiring him to re-serve NRA and by giving additional time to respond to the Complaint, and states that the Court's efforts "to 'ensure that the case is heard on the merits' . . . reflect a one-sided posture that disproportionately burdens the Plaintiff, while benefitting [NRA]." (*Id.* at 3.) I understand that Plaintiff is frustrated by the delay in his ability to proceed against NRA, since he has complied with the Federal Rules of Civil Procedure and the orders of this Court and properly effected service. And requiring Plaintiff to re-serve NRA by mail and email places a limited burden on Plaintiff.

However, my refusal to allow Plaintiff to pursue default judgment proceedings at this time also benefits Plaintiff. Having reviewed the docket closely in connection with this motion, I see that NRA, through counsel, consented to the removal. NRA is an ongoing business that has recently litigated several cases in this District. It therefore seems highly unlikely that NRA will

not appear in this case once it understands that the case is proceeding, particularly given that counsel signed a notice of removal on behalf of NRA. (ECF 1-3, NRA Consent to Removal.)

I have seen many cases where a default judgment was granted against a defendant but later vacated. A district court has broad discretion in considering a motion to vacate a default judgment. The Second Circuit Court of Appeals disfavors default judgments. It has admonished that district courts must be cautious in awarding default judgments; a default judgment is an extreme remedy that should only be granted as a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

The Second Circuit has created a three-factor test to guide district courts in deciding motions to vacate default judgments: district courts must consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012). A defendant's showing that its default was inadvertent is enough to allow a court to vacate a default judgment, and a court may vacate a default judgment even if the default was willful. *See, e.g.*, *Wagstaff-EL v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990) (upholding the decision to vacate a default judgment even though the default was willful), *cert. denied*, 499 U.S. 929 (1991). The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless," but that is "egregious and . . . not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Therefore, even if NRA was negligent in failing to appear, unless its behavior was "egregious" and "not satisfactorily explained," the first prong of the Second Circuit test for vacating default judgments would counsel in favor of vacatur.

As to prejudice, the plaintiff must show that delay caused by the failure to appear will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). And as to a meritorious defense, "[t]he test of such a defense is [not whether] . . . it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993).

If Plaintiff were allowed to pursue a default judgment against NRA right now – a complicated and time-consuming process – Plaintiff would need to go to a great deal of effort but would likely find himself opposing a motion to vacate a default judgment in the future.

Moreover, allowing Plaintiff to proceed with seeking a default judgment against NRA is unlikely to lead to an earlier assessment of damages caused by NRA. In a multi-party case such as this one, where the plaintiff claims damages that are overlapping and attributable to more than one defendant, "courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments." *Garafola v. Ecker Restoration Corp.*, No. 94-CV-7999 (CSH), 1996 WL 312346, at *2 (S.D.N.Y. June 10, 1996). This is because "the district court when possible should consolidate the Rule 55(b)(2) hearing required for the assessment of the defaulting party's liability with the damage aspect of the trial against the non-defaulting party." *Id.* Thus, even if the Court were to enter a default judgment as to liability against NRA, Plaintiff would still need to wait until the case is resolved against the non-defaulting Defendants for any assessment of the damages attributable to NRA.

4

For these reasons, Plaintiff's motion is DENIED. Plaintiff is ORDERED by **October 27, 2025** to provide a copy of (1) this order, and (2) the orders at ECF 63 and ECF 69 to the lawyer who signed the notice of removal for NRA, by mail and email, at the following addresses:

*EUGENE XERXES MARTIN, IV*
*Texas State Bar No. 24078928*
*Email: xmartin@mgl.law*
*Martin Golden Lyons*
*Watts Morgan PLLC*
*Northpark Central, Suite 1850*
*8750 North Central Expressway*
*Dallas, Texas 75231*
*TEL: (214) 346-2630*

Plaintiff is further ORDERED to file proof of such service on the docket by **October 27, 2025.**

National Recovery Agency is again admonished that failure to respond to the Complaint (or request an extension of time to do so) by **November 10, 2025** may lead me to order Plaintiff to commence default judgment proceedings.

The Clerk of Court is respectfully requested to terminate ECF 70.

DATED: October 23, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge