**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)**

| | |
|---|---|
| THOMAS B. DELOACH,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TRANSUNION, LLC; EQUIFAX<br>INFORMATION SERVICES, LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; and NATIONAL<br>RECOVERY AGENCY, INC.;<br>　　　　　Defendants. | CASE NO. 1:25-cv-04348-JPO-RFT<br>　ECF Case<br><br><br>**JOINT STATUS REPORT** |

Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), National Recovery Agency, Inc. ("National Recovery"), Trans Union, LLC ("Trans Union"), by counsel, and *pro se* Plaintiff Thomas DeLoach ("Plaintiff") hereby submit this Joint Status Report pursuant to the Court's Case Management Plan and Order, Docket No. 80.

**<u>Plaintiff</u>**

Plaintiff respectfully submits that the ongoing litigation posture and discovery conduct of Defendants increasingly reflects a strategy driven by disparities in legal resources and litigation positioning rather than meaningful engagement with the merits and underlying facts of the case.

Throughout discovery, Plaintiff, proceeding entirely pro se and without formal legal training, has attempted to participate in good faith despite substantial procedural and resource disadvantages. Plaintiff has no legal education, no litigation experience, and no financial ability to retain counsel or independently depose multiple corporate Defendants represented by separate law firms.

329908218v2

Plaintiff further notes that one Defendant has repeatedly relied upon Florida law in support of refusing to disclose or admit material facts in response to Requests for Admission, while other Defendants have broadly denied Plaintiff's factual assertions, omitted material context, or asserted that Plaintiff's litigation conduct warrants sanctions. Plaintiff respectfully disputes those characterizations and submits that the record and documentary evidence produced thus far materially support Plaintiff's claims and factual assertions.

Plaintiff additionally submits that the circumstances surrounding the noticed depositions significantly compounded these concerns. Plaintiff had devoted considerable time and effort preparing for what Plaintiff reasonably believed would be a single deposition proceeding. However, less than twenty-four hours before the scheduled deposition, Plaintiff received additional notices and communications indicating that multiple Defendants and multiple law firms intended to simultaneously examine Plaintiff during the same proceeding.

While Plaintiff does not assert intentional misconduct, Plaintiff respectfully submits that the cumulative effect of these overlapping deposition notices and compressed scheduling created a substantial sense of overwhelm and insufficient preparation time for a pro se litigant facing his first deposition proceedings without legal representation or prior litigation experience.

Plaintiff further submits that while such circumstances may be routine or manageable for represented parties or experienced litigants, the practical effect upon a first-time pro se litigant without legal counsel is materially different. Plaintiff had no practical understanding of what to expect during deposition proceedings, no attorney present to advise regarding objections or procedure, and no meaningful opportunity to prepare for simultaneous examination by multiple corporate Defendants represented by multiple law firms.

329908218v2

Plaintiff respectfully maintains that disparities in litigation resources, legal representation, and procedural familiarity do not alter the underlying merits or factual basis of the case itself.

The facts underlying this matter remain straightforward. Plaintiff maintained excellent credit with no derogatory reporting until Defendants caused a disputed and allegedly misrepresented account to be reported on Plaintiff's credit profile in or about December 2024, resulting in an approximately 150-point decrease in Plaintiff's credit score and the withdrawal of a loan then in the process of closing.

Plaintiff later discovered that the same account had also allegedly been reported in or about July 2024, which likewise corresponded with the withdrawal of another previously approved loan despite Plaintiff otherwise maintaining strong credit standing.

Plaintiff respectfully submits that the documentary evidence and factual record produced thus far substantially refute Defendants' denials, omissions, and assertions. Plaintiff further submits that Defendants' unwillingness to engage in meaningful settlement discussions reflects continued reliance upon procedural and resource advantages rather than meaningful consideration of the merits and factual substance of Plaintiff's claims.

Plaintiff respectfully submits that this matter should be resolved on its merits and that continued escalation of procedural disputes, burdensome discovery positioning, and prolonged litigation risks further exhausting the resources of a pro se litigant without materially advancing resolution of the underlying dispute.

**Joint Statement by Defendants**

Defendants state that Plaintiff elected to file this lawsuit as a pro se litigant against multiple corporate defendants. Each party, including Plaintiff, is entitled to retain its counsel of choice.

329908218v2

While pro se plaintiffs are indeed given leniency, Plaintiff's voluntary pro se status does not excuse him from complying with discovery and litigation procedures in this lawsuit. Further, Plaintiff has filed at least one other lawsuit in this district as a pro se litigant. *See*, *DeLoach v. New York City Department of Finance*, Case No. 1:25-cv-07137-LLS.

**Equifax**

On May 14, 2026, Equifax cross-noticed Plaintiff's remote deposition for May 15, 2026. At 11:00 a.m. EST, counsel for Trans Union, Experian, and Equifax appeared remotely, but Plaintiff did not appear for his noticed depositin.  Trans Union, Experian, and Equifax remained on the record to note Plaintiff's failure to appear despite his prior agreement to the deposition dates.

**Trans Union**

On May 6, 2026, Trans Union noticed Plaintiff's remote deposition for May 21, 2026. Plaintiff responded that he would be unavailable due to travel and proposed alternative dates. After additional discussions regarding scheduling and the amount of time needed for the deposition, Plaintiff proposed appearing on May 15 and May 18, 2026, from 10:00 a.m. to 2:00 p.m. Trans Union thereafter served amended notices scheduling the deposition for those dates and times, with the May 15 start time later adjusted to 11:00 a.m. Plaintiff confirmed receipt of the amended notice and the remote deposition links. Counsel for Equifax and Experian subsequently cross-noticed the deposition for the same dates and times.

Although Plaintiff later objected to the deposition notices and stated that he intended to seek a protective order, Trans Union advised Plaintiff that the deposition had been properly noticed for dates and that the deposition would proceed as scheduled. Plaintiff acknowledged receipt of

329908218v2

that correspondence and stated that he "may appear" for the deposition. However, on the morning of May 15, 2026, Plaintiff informed counsel that he would not appear for the deposition. At 11:00 a.m. EST, counsel for Trans Union, Experian, and Equifax appeared remotely and remained on the record to note Plaintiff's failure to appear despite his prior agreement to the deposition dates.

**Experian**

Experian states that it has responded to Plaintiff's discovery requests and received Plaintiff's responses to Experian's requests. Experian reviewed Plaintiff's January 14, 2026, discovery responses and met and conferred with Plaintiff about the deficiencies in early February, and Plaintiff indicated he would respond but never did. Counsel for Experian followed up on the meet and confer and Plaintiff produced some additional documents and amended responses on May 16, 2026.

On May 14, 2026, Experian served a notice of deposition joining the already noticed deposition of Plaintiff set for May 15 and May 18, 2026. Plaintiff did not appear for the deposition.

Experian and Plaintiff engaged in initial settlement discussions but Experian does not anticipate the parties will reach a settlement agreement at this time. At this juncture, Experian intends to file a summary judgment motion.

**National Recovery**

National Recovery intended to join in the deposition of Plaintiff but he did not appear. Because National Recovery does not believe Plaintiff has a valid case, and does not believe National Recovery committed any violation, it intends to file a motion for summary judgment and will not offer more than nuisance value to settle.

329908218v2

Date: <u>June 2, 2026</u>

Respectfully submitted,

*/s/ Camille R. Nicodemus*

Camille R. Nicodemus, Esq.
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  (317) 497-5600, Ext. 601
Fax:  (317) 899-9348
E-Mail:  cnicodemus@qslwm.com

Joshua A. Stiers, Esq.
Trans Union LLC
555 West Adams Street
Chicago, IL  60661
Telephone:  (765) 401-4230
E-Mail:  Joshua.stiers@transunion.com

*Counsel for Defendant Trans Union LLC*

*/s/ Thomas B. DeLoach*

Thomas B. DeLoach
340 W. 42nd St. #243
New York, NY 10108
E-Mail: Tbd235@gmail.com

*Pro Se Plaintiff*

*/s/ Heather H. Sharp*

Heather H. Sharp, Esq.
Seyfarth Shaw LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 881-5477
E-Mail: hsharp@seyfarth.com

*Counsel for Defendant Equifax Information Services, LLC*

*/s/ Brenna J. McGill*

Brenna J. McGill, Esq.
Troutman Pepper Locke LLP
875 3rd Ave.
New York, NY 10022
Telephone: 213.928.9852
E-Mail: Brenna.mcgill@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc.*

*/s/ Cindy D. Salvo*
Cindy D. Salvo, Esq.
The Salvo Law Firm, P.C.
185 Fairfield Ave., Suite 3c/3d
West Caldwell, NJ 07006
Telephone: (973) 226-2220
E-Mail: csalvo@salvolawfirm.com

*Counsel for Defendant National Recovery Agency, Inc.*

329908218v2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026, I presented the foregoing JOINT STATUS REPORT

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

Thomas B. DeLoach,
340 W. 42nd Street, #243
New York, NY 10108

*Plaintiff pro se*

/s/ Heather H. Sharp
Heather H. Sharp
*Counsel for Defendant*
*Equifax Information Services LLC*

329908218v2