**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)**

| | |
|---|---|
| THOMAS B. DELOACH,<br>                    Plaintiff, | CASE NO. 1:25-cv-04348-JPO-RFT<br>ECF Case |
| vs. | **TRANS UNION LLC'S REPLY**<br>**MEMORANDUM IN SUPPORT OF**<br>**ITS MOTION FOR RULE 11**<br>**SANCTIONS** |
| TRANSUNION, LLC; EQUIFAX<br>INFORMATION SERVICES, LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; and NATIONAL<br>RECOVERY AGENCY, INC.;<br>                    Defendants. | |

Defendant consumer reporting agency Trans Union, LLC ("Trans Union"), by counsel, respectfully submits its Reply Memorandum in Support of its Motion for Attorneys' Fees ("Motion") and Sanctions Pursuant to Rule 11, 15 U.S.C. § 1681n and the Inherent Powers of the Court. Plaintiff's Response, Dkt. No. 113, fails to point to any basis for Plaintiff's improper, unsubstantiated allegations in the Complaint.[1]

In response to Plaintiff's dispute of his National Recovery Agency ("NRA") account, Trans Union deleted the account, which complied with its obligations under the Fair Credit Reporting Act ("FCRA"). Plaintiff's Complaint alleged, without any basis, that Trans Union thereafter re-inserted and reported the National Recovery Agency account. Trans Union's records indicate that never happened and Plaintiff had no evidence that it did when he filed the Complaint and has no such evidence now.

---

[1] Plaintiff also sent an additional purported "Memorandum" to Trans Union's counsel by email, which generally reiterates the same unsubstantiated contentions set forth in the Response he filed.

## I.    **ARGUMENT**

### A. **Plaintiff Failed His Rule 11 Obligations To Substantiate His Allegations With Evidence and the Court Should Therefore Sanction Plaintiff.**

Plaintiff can point to no evidence that Trans Union re-inserted the NRA tradeline aside from conclusory and speculative statements despite ample time to investigate. Pursuant to Rule 11, by presenting to the court a pleading, Plaintiff certifies to the best of his knowledge, information and belief, formed after a reasonable inquiry reasonable under the circumstances that the factual contentions have evidentiary support after a reasonable opportunity to investigate. FED. R. CIV. P. 11(b)(3).

Trans Union's document production to Plaintiff demonstrates that Trans Union deleted Plaintiff's NRA tradeline on the same day as his December 2024 dispute. *See* Exhibit 1 attached to Declaration of Camille R. Nicodemus, Esq., TU-000191–TU-000200.  Furthermore, Trans Union's January and February consumer disclosures do not report the NRA tradeline. *See Id.* at TU-000007–TU-000021; TU-000084–TU-000099; TU-000110–TU-000125. To date, Plaintiff has failed to produce any evidence that the NRA tradeline was re-reported following his December 2024 dispute. Plaintiff himself has no such evidence, nor did he have any such evidence when he filed his Complaint.  Even after filing the Complaint, Plaintiff had ample opportunity to engage in third party discovery relating to any creditor with whom Plaintiff applied for credit during the relevant period and determine whether the NRA tradeline was reported, but there is no evidence that such occurred. Plaintiff's conclusory and speculative claim fails against Trans Union's business records that demonstrate that the tradeline was never reinserted. There is no evidence other than Plaintiff's self-serving contention that Trans Union re-reported the NRA tradeline and Plaintiff's Complaint is based on false allegations. Consequently, Plaintiff's allegations were frivolous and Trans Union's Motion for Sanctions should be granted.

**B. Plaintiff's Complaint Was Premised On the False Claim That Trans Union Re-Reported An NRA Account That It Demonstrably Deleted and Plaintiff's Response to the Rule 11 Motion Fails To Point To Any Evidence That Trans Union Re-Reported The Account, Instead Making A False And Baseless Allegation (Also Made Without Any Evidence)[2] That Trans Union Destroyed Evidence Of Its Falsely Alleged Re-Reporting.**

Plaintiff attempts to avoid sanctions by asserting that Trans Union allegedly destroyed evidence, however, he has presented no evidence to establish spoilation just as he has never presented any evidence of Trans Union's purported re-reporting. The burden to demonstrate a spoliation of evidence "falls on the prejudiced party to produce some evidence suggesting that a document or documents relevant to substantiating his claim would have been included among the destroyed files." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 108 (2d Cir. 2001) (quoting *Kronisch v. United States*, 150 F.3d 112, 128 (2d Cir. 1998)) (internal quotations omitted).

Plaintiff's spoliation accusation is false, unsupported and entirely fabricated to deflect from the merits of Trans Union's motion for sanctions. Plaintiff's only proffer of re-reporting is his own claim of "personal knowledge and observation" of vague credit file changes. *See* Plaintiff's Response, at p. 1. Plaintiff proffers no evidence that Trans Union "destroyed" any evidence and the Court should therefore give the accusation no weight.

**C. Plaintiff's Damages are Unsubstantiated**

Plaintiff's allegation that he suffered damages as a result of Trans Union's reporting remains unsubstantiated. Despite claiming actual, statutory and punitive damages under 15 U.S.C §§ 1681n and 1681o in the Complaint, Plaintiff has not demonstrated that he actually suffered any such damages. Plaintiff has never produced any evidence of a credit denial because of Trans

---

[2] This accusation is vaguely made in Plaintiff's Response, Sections V and VI and made more explicitly in Plaintiff's purported Memorandum sent to Trans Union's counsel but apparently not filed with the Court.

Union's reporting despite claiming he suffered a credit denial from Amity One in his discovery responses. Plaintiff only claims that he suffered a 150-credit score drop following his December 2024 dispute without demonstrating that any action by Trans Union impacted his credit score or that Trans Union was the direct and proximate cause. Moreover, a credit score, standing alone, is not a form of actionable damages under the FCRA. *Zlotnick v. Equifax Information Services, LLC*, 583 F.Supp.3d 387, *392 (E.D.N.Y. 2022) ("[a]bsent from plaintiff's submissions are any allegations or other support that plaintiff was in fact denied credit or that plaintiff suffered any concrete consequences as a result of an allegedly lowered credit score. A lowered credit score in and of itself is not a concrete harm.") Because Plaintiff's claims that he suffered damages were as baseless as his claims that Trans Union re-reported his NRA account, Plaintiff's Complaint was frivolous and the Court should impose sanctions.

### D. Plaintiff's Purported "Rule 11 Motion" In His Opposition to Trans Union's Motion Is Wholly Improper and Procedurally Defective

Plaintiff's opposition brief improperly attempts to assert a motion for Rule 11 sanctions, but that request is not properly before the Court because it fails to comply with Rule 11's mandatory procedural requirements and cannot be raised through an opposition memorandum. A request for sanctions under Rule 11 must be made by a separate motion that specifically identifies the conduct alleged to violate Rule 11(b). Fed. R. Civ. P. 11(c)(2). The motion must be served on the opposing party and may not be filed with the court unless the challenged paper, claim, contention, or denial is not withdrawn or corrected within twenty-one days after service. *Id.*

Plaintiff failed to serve Defendant with a Rule 11 motion and provide the mandatory 21-day safe-harbor period required by Rule 11(c)(2). Moreover, Plaintiff's purported request for sanctions does not identify any specific filing submitted by Defendant that allegedly violates Rule 11. Accordingly, Plaintiff's purported request for Rule 11 sanctions is procedurally improper, fails

to comply with the requirements of Rule 11(c)(2), and should be disregarded or denied in its entirety.

## II.    CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that this Court grant Trans Union's Motion, deny Plaintiff's purported Motion, dismiss Plaintiff's Complaint with prejudice as a sanction or otherwise sanction Plaintiff, and award Trans Union its reasonable expenses and attorneys' fees incurred as a result of the foregoing violations, along with any other sanctions as deemed just and proper.

Date: June 25, 2026                                Respectfully submitted,


                                                   /s/Camille R. Nicodemus
                                                   Camille R. Nicodemus, Esq.
                                                   Ronnie D. Kawak, Esq.
                                                     (admitted *Pro Hac Vice*)
                                                   Quilling, Selander, Lownds, Winslett & Moser, P.C.
                                                   10333 North Meridian Street, Suite 200
                                                   Indianapolis, IN  46290
                                                   Telephone:  (317) 497-5600, Ext. 601 & 612
                                                   Fax:  (317) 899-9348
                                                   E-Mail:  cnicodemus@qslwm.com
                                                   E-Mail: ronnie.kawak@qslwm.com

                                                   *Counsel for Defendant Trans Union LLC*

                                                   Joshua A. Stiers, Esq.
                                                   Trans Union LLC
                                                   555 West Adams Street
                                                   Chicago, IL  60661
                                                   Telephone:  (765) 401-4230
                                                   E-Mail:  Joshua.stiers@transunion.com

                                                   *Counsel for Defendant Trans Union LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **25th day of June, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Heather H. Sharp, Esq.<br>hsharp@seyfarth.com<br><br>Paige Vacante, Esq.<br>pvacante@seyfarth.com | Rachelle Pointdujour, Esq.<br>Rachelle.pointdujour@troutman.com |
| Cindy D. Salvo, Esq.<br>csalvo@salvolawfirm.com<br><br>Allison M. Cunneen, Esq.<br>amcunneen@venable.com | Cindy Debra Salvo, Esq.<br>csalvo@salvolawfirm.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **25th day of June, 2026**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Thomas B. DeLoach<br>340 W. 42nd St. #243<br>New York, NY 10108<br>Tbd235@gmail.com | |

/s/ Camille R. Nicodmeus
Camille R. Nicodemus, Esq.
Ronnie D. Kawak, Esq.
 (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  (317) 497-5600, Ext. 601 & 612
Fax:  (317) 899-9348
E-Mail:  cnicodemus@qslwm.com

E-Mail: ronnie.kawak@qslwm.com

*Counsel for Defendant Trans Union LLC*