UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS B. DELOACH,

Plaintiff,

-against-

TRANSUNION, LLC et al.,

Defendants.

25-CV-4348 (JPO) (RFT)

**REPORT & RECOMMENDATION**
**OPINION & ORDER**

**TO THE HONORABLE J. PAUL OETKEN, United States District Judge:**

Plaintiff Thomas B. DeLoach, proceeding pro se, brings claims against Defendants TransUnion, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc; and National Recovery Agency, Inc. ("NRA"), including claims for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (*See* ECF 1-1, Compl. ¶¶ 8-12.) Pending before the Court are (1) TransUnion's motion for sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure against Plaintiff arising out of the complaint (ECF 119); and (2) Plaintiff's cross-motion for sanctions pursuant to Rules 11 and 37 against TransUnion for allegedly (a) providing false information to the Court and (b) engaging in spoliation (ECF 141). For the reasons set forth below, I respectfully recommend that TransUnion's motion for sanctions pursuant to Rule 11 (ECF 119) should be **DENIED**; and that Plaintiff's motion for sanctions (ECF 141) should be **DENIED** to the extent it seeks sanctions under Rule 11. Plaintiff's motion for discovery sanctions under Rule 37 (ECF 141) is **DENIED**.[1]

---

[1] There is conflicting Second Circuit guidance on whether a magistrate judge may impose sanctions under Rule 11. *See Kiobel v. Millson,* 592 F. 3d 78, 90 (2d Cir.2010) (Carbanes, J., concurring) (concluding that Rule 11 sanctions are dispositive determinations that a magistrate

## I.

## Factual Background

I set forth the facts alleged in the complaint. TransUnion, Equifax, and Experian are consumer credit reporting agencies that assemble, evaluate, and maintain consumer credit information for business purposes. (*See* ECF 1-1, Compl. ¶¶ 7-9.) NRA is a debt collection agency that collects consumer debts and reports collection accounts to consumer credit rating agencies. (*See id.* ¶ 10.)

In or around July 2024, NRA failed to investigate a collection amount owed by Plaintiff that was already reflected on Plaintiff's credit reports and as a result, NRA improperly reported the duplicate collection amount to TransUnion, Equifax, and Experian. (*See id.* ¶¶ 16-17.) TransUnion, Equifax, and Experian failed to identify the collection amount as duplicative and therefore reported the collection twice on Plaintiff's credit report, leading to a substantial decline in Plaintiff's credit score. (*See id.* ¶¶ 11-13.) Plaintiff disputed the duplicate amount in December 2024. (*See id.* ¶ 14.) TransUnion, Equifax, and Experian temporarily removed the duplicate amount for two to three days but then reinstated the duplicate amount on Plaintiff's credit reports. (*See id.*) Plaintiff provided clear evidence that the disputed amount was

---

judge may recommend but not impose); *id* at 94-95 (Leval, J. concurring) (concluding that Rule 11 sanctions are non-dispositive determinations that a magistrate judge may impose). Out of an abundance of caution, I address the Rule 11 motions through a report and recommendation. "Discovery motions, including those seeking sanctions for failure to comply with prior discovery orders, are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim." *Seena Int'l, Inc. v. One Step Up, Ltd.*, 15-CV-1095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y May 11, 2016).

Unless otherwise indicated, this report and recommendation and opinion and order omits internal quotation marks, citations, and alterations from quoted text.

incorrect, but TransUnion, Equifax, and Experian failed to conduct a reasonable reinvestigation. (*See id.* ¶ 15.) The disputed amount remained on Plaintiff's credit reports, and he suffered economic and other harm as a result. (*See id.* ¶ 19.)

**II.**

**<u>Procedural History</u>**

Plaintiff originally filed suit in state court, and the case was removed to this Court on May 22, 2025. (*See* ECF 1, Not. of Removal.) All Defendants answered by November 11, 2026. (*See* ECF 5, 75, 76, 77.) The parties have exchanged discovery. (*See, e.g.,* ECF 107, Status Report.)

On April 13, 2026, Plaintiff filed an opposition to an anticipated motion for Rule 11 sanctions by TransUnion. (ECF 113, Pl.'s First Rule 11 Opp.) On April 22, 2026, I issued an order directing TransUnion to file its motion for sanctions by April 28, 2026, with Plaintiff to file his opposition by May 5, 2026, and Transunion having until May 12, 2026, to file its reply. (*See* ECF 118, Order.) On April 28, 2026, TransUnion filed its motion for Rule 11 sanctions against Plaintiff, alleging that the complaint is "frivolous and contains allegations and factual contentions devoid of evidentiary support"; TransUnion asserts that it followed all reasonable procedures and that "the sole account at issue was deleted from the Plaintiff's TransUnion credit file upon Plaintiff's dispute, commensurate with the FCRA." (ECF 119, TransUnion's Mot. for Sanctions ¶¶ 1, 3-5.)

At Plaintiff's request (ECF 122), I extended Plaintiff's time to respond to TransUnion's motion for sanctions and TransUnion's time to file its reply by May 26, 2026 and June 2, 2026, respectively. (*See* ECF 123, Order.) On June 2, 2026, TransUnion filed a notice of Plaintiff's non-opposition to the motion for sanctions (ECF 129), and on June 25, 2026, TransUnion filed a reply memorandum of law in further support of its motion for sanctions, reiterating that the

complaint lacked a factual basis and evidentiary support. (*See* ECF 138, TransUnion's Reply at 1-2.)

On June 26, 2026, I was informed by a docket clerk that the Court had received Plaintiff's opposition papers but could not upload them to the docket; I therefore issued an order directing TransUnion to file Plaintiff's opposition papers on the docket by July 1, 2026. (*See* ECF 140, Order.) Plaintiff's opposition and cross motion for sanctions were filed on the docket June 26, 2026. (*See* ECF 141, Pl.'s Second Rule 11 Opp.) Plaintiff contends TransUnion made misleading and false statements to the Court by asserting that TransUnion had sent Plaintiff the results of its investigation into the duplicate tradeline. (*See id.* at 1.) Plaintiff also argues that TransUnion must have spoliated evidence, based on the lack of evidence showing reinstatement of the duplicate account: Plaintiff contends that TransUnion must have "wip[ed]" the evidence and fail[ed] to preserve relevant metadata. (*See id*. at 7.) On July 30, 2026, Plaintiff filed a reply in further opposition to the motion for sanctions. (*See* ECF 146, Pl.'s Rule 11 Reply.)

## III.

## Legal Standards

### A. Rule 11 Sanctions

An attorney or unrepresented party who presents a pleading or written motion to the court "certifies that to the best of the person's knowledge, information, and belief" that

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual

> contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If a court finds that Rule 11(b) has been violated, it may impose sanctions. *See* Fed. R. Civ. P. 11(c)(1). "Rule 11 sanctions should be granted with caution and applied only when a particular allegation is utterly lacking in support." *Wimberly v. Stern*, No. 22-CV-7581 (VSB), 2023 WL 7039542, at *1 (S.D.N.Y. Oct. 26, 2023) (quoting *In re Highgates Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002)). When addressing a motion for sanctions, "a court should primarily focus on the intent of the potentially sanctionable conduct, not on its effect." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021).

Rule 11 provides that "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); *see also Yes I Can Licensed Behav. Analyst PLLC v. Green Tree Cap. LLC*, No. 24-CV-7360 (PAE), 2025 WL 3715243, at *13 (S.D.N.Y. Dec. 23, 2025). Rule 11 includes a safe harbor provision, in that the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Thus, service of a Rule 11 motion triggers a 21-day period during which the challenged acts may be corrected, and a movant may file a Rule 11 motion only after the period has elapsed. *See Wimberly*, 2023 WL 7039542, at *1.

"When considering a motion under Rule 11, the court may consider the special circumstances of litigants who are untutored in the law." *Id.* at *2 (quoting *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989)). Courts will afford a pro se plaintiff a "more lenient standard" for Rule 11 sanctions than they would afford a plaintiff proceeding with

counsel. *Id.* However, "the fact that a litigant appears pro se does not shield him from Rule 11 sanctions." *Malley v. New York City Bd. of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002). "Sanctions may be more appropriate when a pro se litigant has legal experience or has been previously warned of possible sanctions." *Yaroshevsky v. Karlin*, No. 25-CV-2747 (DG) (SDE), 2026 WL 522624, at *8 (E.D.N.Y. Feb. 23, 2026), *report and recommendation adopted*, 2026 WL 879292 (E.D.N.Y. Mar. 31, 2026).

**B. Rule 37(e) Spoliation**

Assessing sanctions for spoliation under Rule 37(e) requires a three-part inquiry. The first question is whether "a party failed to take reasonable steps to preserve electronically stored information that should have been preserved in the anticipation or conduct of litigation." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 59 (S.D.N.Y. 2020) (quoting Fed. R. Civ. P. 37(e)). If that question is answered in the affirmative, the second step pursuant to Rule 37(e)(1) is for the court "to decide if there has been prejudice to another party from loss of the information, in which case the Court may order measures no greater than necessary to cure the prejudice." *Charlestown Cap.*, 337 F.R.D. at 59. The third step is for the Court, whether or not there is prejudice, to determine whether the party accused of spoliation "acted with the intent to deprive another party of the information's use in the litigation." *Id.* If so, more severe sanctions, including adverse inferences, are available. *See* Fed. R. Civ. P. 37(e)(2)(A). However, adverse inferences are "extreme sanction[s] that should not be given lightly." *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-CV-9363 (ALC) (DF), 2018 WL 1512055, at *8 (S.D.N.Y. Mar. 12, 2018).

Traditionally, "[a] party seeking spoliation sanctions ha[d] the burden of establishing the elements of a spoliation claim by a preponderance of the evidence." *Ottoson v. SMBC Leasing & Fin., Inc.*, 268 F. Supp. 3d 570, 580 (S.D.N.Y. 2017). However, the current version of Rule 37(e) does not place a burden of proving or disproving prejudice on one party or the other." *Charlestown Cap.*, 337 F.R.D. at 65 (quoting Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendments). The Second Circuit recently held that party seeking sanctions under Rule 37(e)(2) must "establish the requisite elements – including that the party act with intent to deprive – by a preponderance of the evidence." *Hoffer v. Tellone* 128 F.4th 433, 439 (2d Cir. 2025).

## IV.

## Analysis

### A. TransUnion's Motion for Rule 11 Sanctions

TransUnion contends that Plaintiff's complaint is frivolous and contains allegations lacking evidentiary support, because TransUnion deleted the account at issue from Plaintiff's credit file after he disputed it; and that TransUnion conducted reasonable reinvestigations demonstrating that the deleted account "was not the required substantial factor in Plaintiff's alleged credit damages." (ECF 119, TransUnion's Mot. for Sanctions ¶¶ 1, 3, 5, 7,8.) TransUnion concludes that Plaintiff's "claims have no merit" and "lack proof" (*id.* ¶¶ 1, 3, 8) and asserts that Plaintiff was "aware of all facts necessary to identify" the frivolous nature of his allegations against TransUnion (*id.* ¶ 1).

Plaintiff counters that TransUnion's motion for sanctions "intentionally omitted the central factual basis of Plaintiff's lawsuit: the illegal reinsertion of the disputed tradeline." (ECF 141, Pl.'s Second Rule 11 Opp. at 5). Plaintiff argues that his claims are not frivolous and that he has provided evidence to support them by showing a 150-point drop in a contemporaneous credit score that he attributes to TransUnion's actions. (*See id*. at 6.)

TransUnion replies that Plaintiff "had ample opportunity" after filing the complaint but never performed his own investigation into any creditor from which he sought and was denied credit to determine whether the challenged tradeline had been reported to that creditor by TransUnion. (ECF 138, TransUnion's Reply at 2.)

In light of Plaintiff's pro se status, the Court must be more lenient when considering Rule 11 sanctions. *See Wimberly*, 2023 WL 7039542, at *2. My perception is that Plaintiff genuinely believes that he was denied credit due to TransUnion's alleged reinsertion of the disputed tradeline in a new account. His failure to investigate the causes of his being denied credit, particularly given his limited resources, does not rise to the level of "harass[ing] others, clog[ging] the judicial machinery with meritless litigation, and abus[ing] already overloaded court dockets," which would justify imposing sanctions on a pro se litigant. *Cf. Malley*, 207 F. Supp. 2d at 259. *See id*. at 259-60 (imposing sanctions on a pro se plaintiff where he continued filing complaints after being enjoined from doing so and not first obtaining leave from the court); *Yaroshevsky*, 2026 WL 522624, at *8 (E.D.N.Y. Feb. 23, 2026) (granting a motion for sanctions against a pro se plaintiff for "persistent and unrepentant use of false and misleading citations, along with the material misrepresentations he made to three judges about his conduct").

The Court should not impose Rule 11 sanctions for the further reason that the Court did not previously warn Plaintiff about the possibility of such sanctions. *See Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 16 (E.D.N.Y. 1996) ("In view of the fact that the Court has not previously admonished the [pro se] plaintiff concerning [sanctions], no sanctions will be imposed in this instance."); *cf. Fariello v. Campbell*, 860 F. Supp. 54, 71 (E.D.N.Y. 1994) (imposing sanctions on a pro se plaintiff who had "been previously warned by the Court that sanctions may be imposed upon him if he files actions without an arguably objectively reasonable basis"); *Baasch v. Reyer*, 827 F. Supp. 940, 944 (E.D.N.Y. 1993) (imposing sanctions on a pro se litigant when he had already been on notice that his conduct was sanctionable).

Accordingly, I respectfully recommend that Your Honor should **DENY** TransUnion's motion for sanctions under Rule 11 (ECF 119).

**B. Plaintiff's Cross-Motion for Sanctions**

I construe Plaintiff's opposition to TransUnion's Rule 11 motion as including a cross-motion for sanctions against TransUnion under Rules 11 and 37. Plaintiff seeks sanctions against TransUnion's for allegedly misrepresenting to the Court that TransUnion sent Plaintiff the results of an investigation into the disputed amount and also for spoliation for allegedly "destr[oying] or suppress[ing]" information about TransUnion's reporting of the disputed amount; Plaintiff contends TransUnion's "clean records are the result of its own internal wiping of the reinsertion events, a tactic used to mislead the court." (ECF 141, Pl.'s Second Rule 11 Opp. at 1.)

In reply, TransUnion argues that Plaintiff failed to follow the Rule 11 safe-harbor provision and did not properly serve the cross-motion. (*See* ECF 138 TransUnion's Reply at 4-5.)

TransUnion also insists that Plaintiff's spoliation claims are "false, unsupported and entirely fabricated" and based solely on Plaintiff's "personal observation" of credit changes. (*Id.* at 3.)

1. Rule 11 Sanctions for Providing False Information

Plaintiff did not comply with the safe-harbor provision in Rule 11: rather than serving TransUnion with the Rule 11 motion and waiting 21 days to file it with the Court, he included the motion in his reply brief (ECF 141), giving TransUnion no time to cure the alleged errors. The 21-day safe harbor is a "strict procedural requirement," and so the motion should be denied on that basis alone. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory*, *Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012); see *also Fierro v. Gallucci*, 423 F. App'x 17, 19 (2d Cir. 2011) (denying a motion for sanctions for failure to comply with the 21-day safe harbor rule).

Additionally, because a Rule 11 motion for sanctions may not be made alongside any other motion, Plaintiff may not seek Rule 11 sanctions in the same motion in which he seeks spoliation sanctions under Rule 37. *See* Fed. R. Civ. P. 11(c)(2); *Yes I Can Licensed Behav. Analyst,* 2025 WL 3715243, at *13 (denying a Rule 11 motion made in the same filing as another motion because it violated the separate-filing rule).

Accordingly, to the extent that Plaintiff's motion for sanctions (ECF 141) is brought under Rule 11, I respectfully recommend that Plaintiff's sanctions motion should be DENIED.

2. Rule 37 Sanctions for Spoliation

Plaintiff contends that TransUnion "failed to maintain the internal records" of the reinsertion of the disputed tradeline and should be sanctioned for spoliation as a result. (ECF 141, Pl.'s Second Rule 11 Opp. at 5.) However, Plaintiff provides no supporting evidence beyond

his "personal knowledge and observation of the credit file changes." (*Id.*) TransUnion disputes that it reinserted the tradeline or destroyed records of doing so. (*See* ECF 138, TransUnion's Reply at 3.) Plaintiff's unsupported assertion does not demonstrate by the required preponderance of the evidence that TransUnion "failed to take reasonable steps to preserve electronically stored information that should have been preserved in the anticipation or conduct of litigation." Fed. R. Civ. P. 37(e)(2); *see also Anderson v. Amazon.com, Inc.*, No. 23-CV-8347 (AS), 2025 WL 2780921, at *15 (S.D.N.Y. Sept. 30, 2025) (denying the plaintiff's motion for sanctions under Rule 37(e) because the plaintiff could only speculate as to why the documents she alleged the defendant had destroyed would have been created but did not have any evidence of either their existence or destruction). Plaintiff has provided no basis to conclude that there ever were documents reflecting that TransUnion reinserted the disputed amount. Nor has Plaintiff provided any evidence that TransUnion intended to deprive Plaintiff of relevant evidence. Accordingly, Plaintiff's sanctions motion (ECF 141) is **DENIED IN PART**, to the extent that the motion seeks adverse inference sanctions for spoliation under Rule 37.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that TransUnion's motion for sanctions under Rule 11 (ECF 119) should be **DENIED**; and that Plaintiff's motion for sanctions

under Rule 11 (ECF 141) should be **DENIED.** Plaintiff's motion for sanctions for spoliation under Rule 37 (*id*) is **DENIED**.

DATED: September 10, 2026
New York, New York

Respectfully Submitted and So Ordered,

Robyn F. Tarnofsky
United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**

The parties shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Oetken.

THE FAILURE TO OBJECT WITHIN FOURTEEN DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 145 (1985).