UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS B. DELOACH,
Plaintiff,

-v-

TRANSUNION, LLC, *et al.*,
Defendant.

25-CV-4348 (JPO)

ORDER ADOPTING REPORT AND RECOMMENDATION

J. PAUL OETKEN, District Judge:

On September 1, 2026, Magistrate Judge Robyn F. Tarnofsky issued a joint Report and Recommendation and Opinion and Order (ECF No. 149), pertaining to Defendant TransUnion, LLC's ("TransUnion") motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 119) and Plaintiff Thomas B. DeLoach's cross-motion for sanctions pursuant to Rule 11 and discovery sanctions pursuant to Rule 37 (ECF No. 141). For the reasons that follow, the Court adopts Judge Tarnofsky's Report and Recommendation as to the motions for sanctions under Rule 11 in full and overrules DeLoach's objections to Judge Tarnofsky's Opinion and Order as to DeLoach's motion for discovery sanctions under Rule 37.

## I. Background[1]

On April 28, 2026, TransUnion filed a motion for Rule 11 sanctions against DeLoach, contending that the complaint was "frivolous and contains allegations and factual contentions devoid of evidentiary support." (ECF No. 119 ¶ 1.) On June 26, 2026, DeLoach filed an opposition to TransUnion's motion for sanctions and a cross-motion for Rule 11 sanctions against TransUnion, on the basis that TransUnion had submitted false and misleading

[1] The Court assumes familiarity with the relevant factual background and procedural history, as laid out in Judge Tarnofsky's opinion. (*See* ECF No. 149 at 2-4.)

information to the Court related to whether TransUnion sent DeLoach the results of its investigation into a duplicate tradeline. (ECF No. 141 at 1-2.) DeLoach's cross-motion also argues that TransUnion must have spoliated records showing that TransUnion reinstated DeLoach's duplicate account. (*Id.* at 7.[2]) DeLoach filed a reply in further opposition to TransUnion's motion for sanctions on July 30, 2026. (ECF No. 146.)

On September 1, 2026, Magistrate Judge Robyn F. Tarnofsky issued a joint Report and Recommendation (denying both Rule 11 motions) and Opinion and Order (denying DeLoach's motion for Rule 37 sanctions). (ECF No. 149.) On September 18, 2026, DeLoach filed "Specific Objections to Report and Recommendation and Request for Limited Alternative Relief." (ECF No. 150.) DeLoach cabins his objections to Judge Tarnofsky's "ruling denying his motion for discovery sanctions based on spoliation under Federal Rule of Civil Procedure 37(e)." (*Id.* at 1.)

## II. Legal Standard

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). However, where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error, and not *de novo*, review applies. *Id.* (quotation marks omitted).

[2] Judge Tarnofsky construed this argument as seeking discovery-related sanctions under Rule 37. (ECF No. 149 at 9.)

Additionally, a district court must consider any objections to a non-dispositive pretrial ruling by a magistrate judge if such objections are filed within fourteen days of the objecting party's receipt of the ruling. *See* Fed. R. Civ. P. 72(a). "Only orders that are 'clearly erroneous' or 'contrary to law' shall be set aside." *Awan v. MTA*, No. 25-CV-4339, 2025 WL 2855281, at *1 (S.D.N.Y. Oct. 8, 2025) (citing Fed. R. Civ. P. 72(a)).

## III. Discussion

### A. Report and Recommendation Denying Rule 11 Sanctions

First, neither TransUnion nor DeLoach has filed any objections to Judge Tarnofsky's denial of TransUnion's motion for Rule 11 sanctions. The Court therefore reviews that decision for clear error. Having done so, the Court determines that Judge Tarnofsky's well-reasoned opinion presents no errors, clear or otherwise, as to the denial of TransUnion's motion for Rule 11 sanctions and therefore adopts it.

Second, DeLoach disclaimed challenging Judge Tarnofsky's denial of his motion for Rule 11 sanctions, "unless the Court determines that the record establishes compliance with Rule 11's separate-motion and twenty-one-day safe-harbor requirements." (ECF No. 150 at 5.). As an initial matter, the Court doubts that this conditional, half-sentence objection is "specific and clearly aimed at particular findings in the magistrate judge's proposal," such that *de novo* review should apply. *McDonaugh*, 672 F. Supp. 2d at 547 (quotation marks omitted).

But even applying *de novo* review, the Court has little trouble concluding that DeLoach's cross-motion for Rule 11 sanctions fails because DeLoach did not serve TransUnion with the motion for Rule 11 sanctions and wait twenty-one days before filing, in contravention of Rule 11's mandatory safe harbor provision. *See* Fed. R. Civ. P. 11(c)(2). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce*

*Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). Accordingly, DeLoach's cross-motion for Rule 11 sanctions must be denied.[3]

**B. Opinion and Order Denying Rule 37 Sanctions**

At the outset, Rule 72(a) governs the Court's review of Judge Tarnofsky's denial of DeLoach's motion for discovery sanctions under Rule 37. As Judge Tarnofsky correctly explained, "[d]iscovery motions, including those seeking sanctions for failure to comply with prior discovery orders, are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a)." (*Id.* at 1-2 n.1 (quoting *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-1095, 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)).) Accordingly, the Court will set aside or modify Judge Tarnofsky's Opinion and Order denying DeLoach's motion for discovery sanctions under Rule 37 only if the Opinion and Order is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *Awan*, 2025 WL 2855281, at *1.

The Court finds no error—and certainly no clear error or contravention of law—in Judge Tarnofsky's Opinion and Order. First, even if the Court were to credit DeLoach's assertion that he presented more evidence supporting spoliation by TransUnion than his "personal knowledge and observation of credit-file changes" (*see* ECF No. 150 at 2), the Court would nevertheless conclude that such evidence falls short of demonstrating that TransUnion failed to take reasonable steps to preserve electronically stored information by a preponderance of the evidence. *See* Fed. R. Civ. P. 37(e)(2); *Hoffer v. Tellone*, 128 F.4th 433, 439 (2d Cir. 2025).

Second, DeLoach takes issue with the Opinion and Order's observation that DeLoach "has provided no basis to conclude that there ever were documents reflecting that TransUnion

[3] Having denied DeLoach's cross-motion for Rule 11 sanctions due to its failure to comply with Rule 11's safe-harbor rule, the Court need not reach the cross-motion's potential violation of Rule 11's separate filing rule. (*See* ECF No. 149 at 10.)

reinserted the disputed amount." (ECF No. 149 at 11; *see also* ECF No. 150 at 3-4.) DeLoach contends that this language demonstrates that the Opinion and Order failed to "distinguish between lack of proof available to a *pro se* consumer and proof that the records never existed." (ECF No. 150 at 4.) Not so. The Opinion and Order merely states—correctly—that DeLoach has not adduced sufficient evidence *at this stage* to conclude that the allegedly spoliated records existed. In other words, Judge Tarnofsky did not definitively decide that such records do not exist; she just concluded that DeLoach proffered insufficient evidence *for the purposes of sanctions* showing that the records exist. Thus, like Judge Tarnofsky, this Court concludes that DeLoach's failure to show that the allegedly spoliated records existed by a preponderance of the evidence constitutes another basis for denying his motion for sanctions under Rule 37. *See Farella v. City of New York*, No. 05-CV-5711, 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007) ("[F]or sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence actually existed and was destroyed." (emphasis omitted)).

Third and finally, DeLoach contends that the Opinion and Order failed to consider lesser sanctions under Rule 37 and requests that this Court order lesser sanctions, such as "a remand for additional findings or limited discovery." (ECF No. 150 at 4-5.) In so arguing, DeLoach puts the cart before the horse. DeLoach is correct that sanctions lesser than an adverse instruction may be appropriate under Rule 37. *See, e.g.*, *Barbera v. Grailed, LLC*, No. 24-CV-3535, 2025 WL 2098635, at *10-11 (S.D.N.Y. July 25, 2025). But the elements of Rule 37(e)—including, as relevant here, the existence of the allegedly spoliated records and TransUnion's failure to take reasonable steps to preserve them—must be satisfied before the Court "turn[s] to deciding the appropriate sanction." *Venture Grp. Enters., Inc. v. Vonage Bus. Inc.*, No. 20-CV-4095, 2022 WL 4814830, at *2 (S.D.N.Y. Sept. 30, 2022). That is, "[i]f any of these requirements are not

met, then curative measures and sanctions are unavailable under Rule 37(e)." *Ronen v. RedRoute, Inc.*, No. 21-CV-2732, 2025 WL 2790808, at *5 (E.D.N.Y. June 16, 2025) (quotation marks omitted). Here, DeLoach failed to adduce sufficient evidence to demonstrate the requisite elements of Rule 37(e) by a preponderance of the evidence. (*Accord* ECF No. 149 at 10-11.) Accordingly, *no* sanctions, including any lesser sanctions that DeLoach suggests, are warranted.

In sum, the Court concludes that Judge Tarnofsky's Opinion and Order reflects no error, clear or otherwise, and is not contrary to law. The Court therefore declines to modify or set aside Judge Tarnofsky's thorough and well-reasoned Opinion and Order. Fed. R. Civ. P. 72(a).

## IV. Conclusion

For the foregoing reasons, the Report and Recommendation (ECF No. 149) is hereby ADOPTED, and the Opinion and Order is AFFIRMED. Accordingly, TransUnion's motion for sanctions under Rule 11 is DENIED, DeLoach's cross-motion for sanctions under Rule 11 is DENIED, and DeLoach's objections to Judge Tarnofsky's Opinion and Order denying his motion for discovery sanctions under Rule 37 are OVERRULED.

The Clerk of Court is directed to close the motion at Docket Number 119.

SO ORDERED.

Dated: October 8, 2026
New York, New York

J. PAUL OETKEN
United States District Judge